IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRADLEY LESLIE, | ) |
|         Plaintiff, | ) |
| v. | ) |
| CAVALRY PORTFOLIO SERVICES, LLC, | ) |
|         Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, BRADLEY LESLIE, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, CAVALRY PORTFOLIO SERVICES, LLC, Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4. BRADLEY LESLIE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5. CAVALRY PORTFOLIO SERVICES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of New York.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to Defendant, but originally allegedly owed to Providian National Bank.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

### IV. ALLEGATIONS

9. In or around April 2009 Plaintiff began receiving telephone calls from a duly authorized representative of Defendant, who stated that he was calling to collect a debt allegedly owed by Plaintiff to Defendant.

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11. Defendant proceeded to contact Plaintiff multiple times through the use of the telephone from the time stated above and up to the middle of November 2009.

12. At the time of Defendant's initial contact, Defendant contacted Plaintiff at his place of employment.

13. Plaintiff at that time advised Defendant that he was not allowed to take calls of this personal nature at this place of employment.

14. Defendant continued to contact Plaintiff at his place of employment thereafter, nonetheless.

15. Throughout one of the many conversations Defendant had with Plaintiff, one of Defendant's representatives advised Plaintiff that if he would not make payments on this debt, they would "prosecute [him] to the fullest extent of the law."

16. In its attempts to collect the debt allegedly owed by Plaintiff to Defendant, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

   b. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

   c. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

17. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   **JURY DEMAND**

18. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, BRADLEY LESLIE, by and through his attorneys, respectfully prays for judgment as follows:

      a.      All actual compensatory damages suffered;

      b.      Statutory damages of $1,000.00;

      c.      Plaintiff's attorneys' fees and costs;

      d.      Any other relief deemed appropriate by this Honorable Court.

      Respectfully submitted,
**BRADLEY LESLIE**

By:    s/ David M. Marco
       Attorney for Plaintiff

Dated: February 6, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:  (888) 418-1277
E-Mail:    dmarco@smithlaw.us